**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
09/02/2020

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BJ SERVICES, LLC, *et al.*,[1] | ) Case No. 20-33627 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 317** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM,
INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9),
(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION
DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER
FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) REQUESTS,
(IV) APPROVING NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) establishing deadlines

for filing proofs of claim, including requests for payment under section 503(b)(9) of the

Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and

the Rejection Damages Bar Date, (c) approving the form and manner for filing such claims,

including any section 503(b)(9) requests for payment, and (d) approving notice of the Bar Dates,

and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this

Court having found that it may enter a final order consistent with Article III of the United States

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BJ Services, LLC (3543); BJ Management Services, L.P. (8396); BJ Services Holdings Canada, ULC (6181); and BJ Services Management Holdings Corporation (0481). The Debtors' service address is: 11211 Farm to Market 2920 Road, Tomball, Texas 77375.

[2]     Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

4816-1685-2937

Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## I.      The Bar Dates and Procedures for Filing Proofs of Claim.

1.      Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually received on or before October 2, 2020, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date"), at the addresses and in the form***

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts)has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained by:  (a) visiting the Debtors' restructuring website at: https://www.donlinrecano.com/Clients/bjs/Index; and/or (b) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

4816-1685-2937

*set forth herein.* The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Order.

2.    Each employee and former employee of the Debtors and their non-Debtor affiliates that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information.  Such employees and former employees that file a redacted Proof of Claim are required to serve an unredacted Proof of Claim upon the proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher T. Greco, P.C., Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Samantha G. Lawrence and Joshua M. Altman, and proposed co-counsel to the Debtors, Gray Reed & McGraw LLP, Attn: Jason S. Brookner, Paul D. Moak, and Amber M. Carson.

3.    The Debtors are authorized to take reasonable action to prevent employees' and former employees' personally identifiable information from being publicly available on the claims register.

4.    All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim *so they are actually received on or before January 19, 2021, at 5:00 p.m.,*

3

*prevailing Central Time* (the "Governmental Bar Date"), at the address and in the form set forth herein.

5.       Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

6.       If the Debtors amend the Schedules after having given notice of the Bar Dates (as defined below), the Debtors shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date the notice of the Schedule amendment is mailed (the "Amended Schedules Bar Date" and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

7.       All Proofs of Claim must be filed so as to be *actually received* by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded

from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving

distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.    Parties Exempted from the Bar Date.

8.    The following categories of claimants, in the capacities described below, shall not

be required to file a Proof of Claim by the Bar Date:

a.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by a final order of the Court;

d.    any Debtor having a claim against another Debtor;

e.    any entity whose claim is solely against any non-Debtor affiliates;

f.    any entity whose claim has been paid by a Debtor pursuant to a Court order;

g.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

h.    any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

i.    any entity holding a claim for which a separate deadline is fixed by this Court;

j.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such

claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

k.    any entity holding an equity interest in any Debtor;

l.    any holder of a claim arising under or in connection with the $350 million asset-based lending facility with a maturity date of May 30, 2022 (the "Prepetition ABL Facility") governed by that certain Revolving Credit and Guaranty Agreement, dated as of May 30, 2017 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time in accordance with the terms therein, the "Prepetition ABL Credit Agreement"), by and among BJ Services, as borrower; BJ Management Services, L.P., BJ Services Management Holding Corporation, and BJ Services Holdings Canada ULC, as guarantors; the lenders party thereto (the "Prepetition ABL Lenders"); and JPMorgan Chase Bank, N.A., as administrative agent (the "Prepetition ABL Agent");

m.    any holder of a claim arising under or in connection with the Equipment Term Loan Credit Agreement or the Equipment Term Loan (each as defined in the First Day Declaration); *provided* that GACP Finance Co., LLC, as administrative agent (the "Term Loan Agent"), shall file a single master Proof of Claim by the Claims Bar Date with regard to all of the claims thereunder;

n.    any holder of a claim arising under or in connection with the Real Estate Term Loan Credit Agreement or the Real Estate Term Loan (each as defined in the First Day Declaration); *provided* that CLMG Corp., as administrative agent, shall file a single master Proof of Claim by the Claims Bar Date with regard to all of the claims thereunder; and

o.    any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral or access to postpetition financing (if any).

## III.    Substantive Requirements of Proofs of Claim.

9.    The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

a.    ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.  ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.  ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 20-33627 (MI)) or otherwise without identifying a specific Debtor, will be deemed as filed only against BJ Services, LLC.

e.  ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against BJ Services, LLC.  Notwithstanding anything to the contrary set forth in the Bar Date Order, the filing of a Proof of Claim by an administrative agent in the case of BJ Services, LLC (No. 20-33627 (MI)) will also be deemed to constitute the filing of a Proof of Claim in the cases of all other Debtors against whom a claim may be asserted under the applicable Credit Agreement or other operative documents.

f.  ***Supporting Documentation***.  In order to have *prima facie* validity, each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit

7

such writings to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/Clients/bjs/FileClaim or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail:**
Donlin, Recano & Company, Inc.
Re: BJ Services, LLC, et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If by Hand Delivery or Overnight Mail:**
Donlin, Recano & Company, Inc.
BJ Services, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## IV.   Identification of Known Creditors.

10.   The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

4816-1685-2937

## V.    Procedures for Providing Notice of the Bar Date.

### A.    Mailing of Bar Date Notices.

11.    By September 8, 2020 (or as soon as reasonably practicable thereafter), the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities:

    a.    the United States Trustee for the Southern District of Texas;

    b.    the entities listed as holding the 50 largest unsecured claims against the Debtors (on a consolidated basis);

    c.    the Prepetition ABL Agent, the Term Loan Agent, and CLMG Corp., as administrative agents under the Prepetition ABL Facility, the Equipment Term Loan Credit Agreement, and the Real Estate Term Loan Credit Agreement, respectively, and counsel thereto;

    d.    all lenders under the Prepetition ABL Facility, the Equipment Term Loan Credit Agreement, and the Real Estate Term Loan Credit Agreement;

    e.    all creditors and other known holders of Claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

    f.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    g.    all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

    h.    all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

    i.    all entities who are party to executory contracts and unexpired leases with the Debtors;

    j.    all entities who are party to active litigation with the Debtors;

    k.    all current and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

l.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

m.      the Office of the Attorney General for the state of Texas and each of the states in which the Debtors conduct business;

n.      the District Director of the Internal Revenue Service for the Southern District of Texas;

o.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

p.      the United States Securities and Exchange Commission; and

q.      the Office of the United States Attorney for the Southern District of Texas.

12.      The Debtors shall provide all known creditors listed in the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

13.      After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up

to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.      Publication of Bar Date Notice**.

14.      The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  The Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form annexed hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the national edition of *The New York Times* and any such other local publications that the Debtors deem appropriate and disclose in their Affidavit of Service.

15.      Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VI.      Consequences of Failure to File a Proof of Claim**.

16.      Any entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails

11

to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule E/F of the Schedules as not contingent, not disputed, and liquidated.

17.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VII.    Miscellaneous**.

18.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

19.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

20.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: September 02, 2020

Marvin Isgur
United States Bankruptcy Judge

13

**Exhibit 1**

**Proof of Claim Form**

**Exhibit 2**

**Proposed Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BJ SERVICES, LLC, *et al.*,[1] | ) | Case No. 20-33627 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 317** |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| BJ Services, LLC | 20-33627 |
| BJ Management Services, L.P. | 20-33628 |
| BJ Services Holdings Canada, ULC | 20-33629 |
| BJ Services Management Holdings Corporation | 20-33630 |

**PLEASE TAKE NOTICE THAT:**

On July 20, 2020 (the "Petition Date"), BJ Services, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2020 the Court entered an order [Docket No. [●]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BJ Services, LLC (3543); BJ Management Services, L.P. (8396); BJ Services Holdings Canada, ULC (6181); and BJ Services Management Holdings Corporation (0481). The Debtors' service address is: 11211 Farm to Market 2920 Road, Tomball, Texas 77375.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively the "Bar Dates").

a.   ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by October 2, 2020, at 5:00 p.m., prevailing Central Time)***.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.   ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, ***all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim by the Governmental Bar Date (i.e., by January 19, 2021, at 5:00 p.m., prevailing Central Time)***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.   ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is ***the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease*** of the Debtors).

2

    d.    ***Amended Schedules Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is ***the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules)***.

## II.    WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

    a.    any entity whose claim against a Debtor is ***not*** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

    c.    any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date;

    d.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules; and

    e.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claims:

    a.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

    b.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the

Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by a final order of the Court;

d.      any Debtor having a claim against another Debtor;

e.      any entity whose claim is solely against any non-Debtor affiliates;

f.      any entity whose claim has been paid by a Debtor pursuant to a Court order;

g.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

h.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

i.      any entity holding a claim for which a separate deadline is fixed by this Court;

j.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

k.      any entity holding an equity interest in any Debtor;

l.      any holder of a claim arising under or in connection with the $350 million asset-based lending facility with a maturity date of May 30, 2022 (the "Prepetition ABL Facility") governed by that certain Revolving Credit and Guaranty Agreement, dated as of May 30, 2017 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time in accordance with the terms therein, the "Prepetition ABL Credit Agreement"), by and among BJ Services, as borrower; BJ Management Services, L.P., BJ Services Management Holding Corporation, and BJ Services Holdings Canada ULC, as guarantors; the lenders party thereto (the "Prepetition ABL Lenders"); and JPMorgan Chase Bank, N.A., as administrative agent (the "Prepetition ABL Agent");

m.      any holder of a claim arising under or in connection with the Equipment Term Loan Credit Agreement or the Equipment Term Loan (each as defined in the First Day Declaration); *provided* that GACP Finance Co., LLC, as administrative agent (the "Term Loan Agent"), shall file a single master Proof of Claim by the Claims Bar Date with regard to all of the claims thereunder;

n.      any holder of a claim arising under or in connection with the Real Estate Term Loan Credit Agreement or the Real Estate Term Loan (each as defined in the First Day

4

Declaration); *provided* that CLMG Corp., as administrative agent, shall file a single master Proof of Claim by the Claims Bar Date with regard to all of the claims thereunder; and

o.    any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral or access to postpetition financing (if any).

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    ***Electronic Signatures Permitted***.   Only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.    ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 20-33627 (MI)) or otherwise without identifying a specific Debtor, will be deemed as filed only against BJ Services, LLC.

e.    ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against BJ Services, LLC.  Notwithstanding

anything to the contrary set forth in the Bar Date Order, the filing of a Proof of Claim by an administrative agent in the case of BJ Services, LLC (No. 20-33627 (MI)) will also be deemed to constitute the filing of a Proof of Claim in the cases of all other Debtors against whom a claim may be asserted under the applicable Credit Agreement or other operative documents.

f.      ***Supporting Documentation***.  In order to have *prima facie* validity, each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.      ***Timely Service***.  Each Proof of Claim must be filed by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/Clients/bjs/FileClaim, or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail:**
Donlin, Recano & Company, Inc.
Re: BJ Services, LLC, et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If by Hand Delivery or Overnight Mail:**
Donlin, Recano & Company, Inc.
BJ Services, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.      ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.     CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

>     a.     YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);
>
>     b.     THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;
>
>     c.     YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND
>
>     d.     YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.     RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.     THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need

7

*not* file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**If you do not appear on the applicable Debtor's Schedules and/or you do not receive a package containing a chapter 11 plan, disclosure statement, and a ballot on which to cast your vote to accept or reject the Debtors' chapter 11 plan (collectively, a "Solicitation Package") by September 20, 2020, you should immediately contact Donlin Recano at 1 (877) 274-7653 or bjsinfo@donlinrecano.com and request a Solicitation Package**.

## VIII. ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://www.donlinrecano.com/bjs. The Schedules and other filings in these chapter 11 cases also are available for a fee through the Court's Public Access to Court Electronic Records ("PACER") database located at https://ecf.txsb.uscourts.gov/. A login identification and password are required for PACER access. Information regarding PACER can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, 5th Floor, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, please visit https://www.donlinrecano.com/Clients/bjs/Index to submit an inquiry.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

4816-1685-2937

**Exhibit 3**

**Proposed Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BJ SERVICES, LLC, *et al.*,[1] | ) Case No. 20-33627 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 317** |

## NOTICE OF DEADLINES FOR THE FILING
## OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
## PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

---

**THE CLAIMS BAR DATE IS OCTOBER 2, 2020,
AT 5:00 P.M. PREVAILING CENTRAL TIME**

**THE GOVERNMENTAL CLAIMS BAR DATE IS JANUARY 19, 2021
AT 5:00 P.M. PREVAILING CENTRAL TIME**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Deadlines for Filing Proofs of Claim*.  On [●], 2020, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| BJ Services, LLC | 20-33627 |
| BJ Management Services, L.P. | 20-33628 |
| BJ Services Holdings Canada, ULC | 20-33629 |
| BJ Services Management Holdings Corporation | 20-33630 |

*The Bar Dates*.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to July 20, 2020, no matter how remote or contingent such right to

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BJ Services, LLC (3543); BJ Management Services, L.P. (8396); BJ Services Holdings Canada, ULC (6181); and BJ Services Management Holdings Corporation (0481). The Debtors' service address is: 11211 Farm to Market 2920 Road, Tomball, Texas 77375.

payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *October 2, 2020, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date")*.  Governmental entities that have a claim or potential claim against the Debtors that arose prior to July 20, 2020, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *January 19, 2021, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")*.  All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by *the date that is (a) the later of the Claims Bar Date or the Governmental Bar Date,* as applicable, and *(b) the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date")*.  All entities holding claims affected by an amendment to the Debtors' Schedules are required to file Proofs of Claim by *the later of (a) the Claims Bar Date or the Governmental Bar Date*, as applicable, and *(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date")*.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/Clients/bjs/Static/POC or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be *actually received* by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, at the following addresses:

**If by First-Class Mail:**
Donlin, Recano & Company, Inc.
Re: BJ Services, LLC, et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If by Hand Delivery or Overnight Mail:**
Donlin, Recano & Company, Inc.
BJ Services, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

4816-1685-2937

*Contents of Proofs of Claim*. Each Proof of Claim must: (1) be written in legible English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) in order to have *prima facie* validity, include as attachments any and all supporting documentation on which the claim is based. ***Please note*** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against BJ Services, LLC, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against BJ Services, LLC.

*Electronic Signatures Permitted*. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

*Section 503(b)(9) Requests for Payment*. Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also: (1) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (2) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (3) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*. If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at (877) 274-7653 (Toll-Free) or (212) 771-1128 (International); or (ii) visiting the Debtors' restructuring website at: https://www.donlinrecano.com/bjs.