ENTERED
10/17/2020

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BJ SERVICES, LLC, *et al.*,[1] | ) ) ) | Case No. 20-33627 (MI) |
| Debtors. | ) ) ) ) | (Jointly Administered)<br><br>**Re: Docket Nos. 160, 223** |

### AGREED ORDER (I) APPROVING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF CLAIMS, LIENS, INTERESTS AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for, among other things, entry of an order (this "Order"): (a) authorizing and approving the sale (the "Sale") of certain of the Debtors' assets free and clear of all claims, liens, interests and encumbrances (other than expressly specified Assumed Liabilities); and (b) granting related relief; and the Court having reviewed and considered the relief sought in the Motion with respect to the Sale, the declarations submitted in support of the Sale, all objections to the Sale and the Debtors' reply thereto, and the arguments of counsel made and the testimony and evidence proffered or adduced at the Sale Hearing; and all parties in interest having been heard or having had the opportunity to be heard regarding the Sale and the relief requested in this Order; and due

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BJ Services, LLC (3543); BJ Management Services, L.P. (8396); BJ Services Holdings Canada, ULC (6181); and BJ Services Management Holdings Corporation (0481). The Debtors' service address is: 11211 Farm to Market 2920 Road, Tomball, Texas 77375.

[2] *Debtors' Emergency Motion for Entry of an Order (I) Approving the Bidding Procedures with Respect to Certain of the Debtors' Fracking Equipment and Intellectual Property, (II) Scheduling an Auction and A Sale Hearing, (III) Approving the Form and Manner of Notices Related Thereto, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 160]. Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Motion or the Bidding Procedures Order (defined below), as applicable.

and sufficient notice of the Sale Hearing and the relief sought therein having been given under the particular circumstances and in accordance with the Bidding Procedures Order (as defined below); and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion and at the Sale Hearing with respect to the Sale is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record of the Sale Hearing and these chapter 11 cases (the "Chapter 11 Cases"), and after due deliberation thereon, and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. **Jurisdiction and Venue**.  This Court has jurisdiction over the Motion and the Sale pursuant to 28 U.S.C. §§ 157 and 1334 and may enter a final order on the Motion consistent with Article III of the United States Constitution.  This is a core proceeding under 28 U.S.C. § 157(b). Venue of these chapter 11 cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**.  The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 364, 365 and 503.  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, and 9014.

C. **Notice**.  As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Sale Hearing, the Sale, the Assumption and Assignment Procedures and the assumption or assumption and assignment of the Assumed Contracts, and the applicable Cure

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  Furthermore, any findings of fact or conclusions of law made by the Court on the record at the close of the Sale Hearing are incorporated herein pursuant to Fed. R. Bank. P. 7052.

Costs (as defined herein) has been provided in compliance with the Bidding Procedures Order and in accordance with Bankruptcy Code sections 102(1), 363, and 365, and Bankruptcy Rules 2002, 4001, 6004, 6006, 9006, 9007, and 9014, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the assumption or assumption and assignment of the Assumed Contracts, or the Cure Costs is or shall be required.  Such notice was sufficient and reasonably calculated under the circumstances to reach all known and unknown holders of claims and interests and non-Debtor counterparties to executory contracts.

        D.      **<u>Good Faith</u>**.  The terms of the Sale to the Buyer as detailed herein were negotiated and are undertaken by the Debtors and the Buyer at arms'-length, without collusion or fraud, and in good faith within the meaning of Bankruptcy Code section 363(m).  The Buyer is not an "insider" or "affiliate" of any of the Debtors as those terms are defined by Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Debtors and the Buyer.  The Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Sale Assets, complied with the Bidding Procedures Order, and agreed to, and did, subject its bid to the competitive Bidding Procedures approved in the Bidding Procedures Order.  All releases and payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed.  The Buyer has not violated Bankruptcy Code section 363(n) by any action or inaction on its part in connection with the Sale.  As a result of the foregoing, the Buyer is entitled to the protections of Bankruptcy Code section 363(m), including in the event this Order or any portion thereof is reversed or modified on appeal, and otherwise has proceeded in good faith in all respects in connection with the Sale.

E. **Title to Sale Assets**. The Sale Assets sought to be transferred and/or assigned, as applicable, by the Debtors to the Buyer, or its designee, pursuant to the terms herein are property of the Debtors' estates and good title thereto is presently vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code. Except as provided herein, the Debtors are the sole and rightful owners of the Sale Assets with all rights, title, and interests to the Sale Assets, and no other person has any ownership right, title, or interest therein (except the Buyer holds a first priority, valid, perfected lien on and claim in excess of the Credit Bid against the Sale Assets).

F. **Highest or Otherwise Best Offer**. The total consideration provided by the Buyer for the Sale Assets represents the highest or best offer received by the Debtors and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and any other applicable laws, and may not be avoided under Bankruptcy Code section 363(n) or any provision of chapter 5 of the Bankruptcy Code or under any other law of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. No other person or entity or group of persons or entities has offered to purchase the Sale Assets for an amount of aggregate consideration that would provide greater economic value to the Debtors' estates than the Buyer. The Debtors' determination that the Credit Bid constitutes the highest or best offer for the Sale Assets constitutes a valid and sound exercise of the Debtors' business judgment. The Court's approval of the Motion and the Sale is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. **Sale**. The Debtors are authorized to sell the assets set forth on **Exhibit 1** attached hereto (the "Sale Assets") to GACP Finance Co., LLC, as administrative agent and collateral agent

4

or its designee (the "Buyer") under the Term Loan Credit and Guaranty Agreement, dated as of January 28, 2019, (the "Term Loan Agreement") for $3,414,750.00, which amount is a credit bid as allowed by the Bankruptcy Code (the "Credit Bid").

2. **Employees**.  The Buyer shall employ at least ten of the Debtors' current or former employees for work needed in connection with the maintenance, disposition, and use of the Sale Assets (or otherwise) as contemplated by agreement between the Debtors and the Buyers for no less than three months on terms consistent with existing employment agreements (subject to such employees agreeing to such employment).

3. **Objections**.  Any objections to the Motion, or any other relief granted in this Order, to the extent not resolved, are hereby **OVERRULED** and **DENIED** on the merits.

4. **Approval of Sale**.  Pursuant to Bankruptcy Code sections 105, 363, 364, 365, and 503 and in accordance with the terms of this Order, the Sale is hereby approved and each of the Debtors and the Buyer and its designee are hereby authorized and directed to take any and all actions necessary or appropriate to:  (i) consummate the Sale and the closing of the Sale in accordance with the Credit Bid and this Order; and (ii) perform, consummate, implement, and close all instruments and documents that may be reasonably necessary or desirable to implement the Sale.  The Debtors and each other party to such documents are hereby authorized and directed to perform each of their covenants and undertakings prior to, on, or after the closing date of the Sale without further order of the Court.  The Buyer and the Debtors shall have no obligation to close the Sale except as is contemplated and provided for herein.

5. **Valid Transfer**.  The transfer to the Buyer of the Debtors' rights, title, and interest in the Sale Assets pursuant to the terms herein shall be, and hereby is deemed to be, commercially reasonable, a legal, valid, and effective transfer of the Debtors' rights, title, and interest in the Sale

Assets, notwithstanding any requirement for approval or consent by any person, and vests with or will vest in the Buyer all rights, title, and interest of the Debtors in the Sale Assets, free and clear of all Claims (as defined hereafter) of any kind or nature whatsoever.

6. **Good Faith**. The Buyer is a good faith purchaser of the Sale Assets as that term is used in Bankruptcy Code section 363(m). The Buyer is entitled to all of the protections afforded by Bankruptcy Code section 363(m).

7. **No Bulk Sales**. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale. Except as otherwise provided herein, no obligation or liability, contingent or otherwise, for brokerage or finders' fees or agents' commissions or other similar payment is due to any person in connection with the transactions contemplated hereby for which the Buyer is or will become liable.

8. **Consideration**. The consideration provided by the Buyer for the Sale Assets under this Order shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the sale of the Sale Assets may not be avoided, or costs or damages imposed or awarded under Bankruptcy Code section 363(n) or any other provision of the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, or any other similar federal or state laws. The amount of the Prepetition GACP Obligations (as defined in the *Third Interim Order (I) Authorizing Debtors to use Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief* [Docket No. 505]) is hereby reduced by the amount of the Credit Bid (less any proration for

6

the Debtors' portion of 2020 ad valorem taxes associated with the Sale Assets) as of the closing date under this Order.

9. **Section 363(n) of Bankruptcy Code**. Neither the Debtors nor the Buyer engaged in any conduct that would cause or permit the consummation of the Sale to be avoided, or costs or damages to be imposed, under Bankruptcy Code section 363(n) or under any other law of the United States, any state, territory, possession thereof, the District of Columbia, or any other applicable law. Accordingly, the Sale shall not be avoidable under section 363(n) or chapter 5 of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Sale.

10. **Closing of the Sale**. On the closing date of the Sale, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Debtors' rights, title, and interest in the Sale Assets or a bill of sale transferring good and marketable title in such Sale Assets to the Buyer on the closing date of the Sale pursuant to the terms herein, free and clear of all Claims. To the extent not inconsistent with this Order, the Debtors shall also comply with their obligations under the *Agreed Order with Respect to GACP Finance Co., LLC's Emergency Motion for Relief from the Automatic Stay* [Dkt. No. 553] with respect to the Sale Assets.

11. **No Successor Liability**. Upon the closing of the Sale, neither the Buyer nor its designee shall: (i) be, and shall not be deemed to be, the successor of or successor employer to any of the Debtors, including without limitation, with respect to any collective bargaining agreement, works council agreement, or other labor contract, any benefit plans, or any multiemployer plans, and the Buyer and/or its affiliates, as applicable, shall instead be, and be deemed to be, a new employer, including with respect to, among other things, any and all federal or state unemployment

laws, including any unemployment compensation or tax laws, or any other similar federal or state laws (ii) have any common law successorship liability in relation to any benefit plan or multiemployer plan, including with respect to withdrawal liability or contribution obligations; (iii) have, or be deemed to have, *de facto* or otherwise, merged or consolidated with or into Debtors; (iv) be, or be deemed to be, a mere continuation or substantial continuation of Debtors or the enterprise(s) of Debtors; or (v) be liable for any acts or omissions of Debtors in connection with any collective bargaining agreement, works council agreement, or other labor contract, the conduct of the business, or the operation, funding, or administration of the benefit plans or multiemployer plans or arising under or related to the Sale Assets, except as expressly provided herein.  Without limiting the generality of the foregoing, and except as otherwise provided herein, the parties intend and the Court hereby orders that the Buyer shall not be liable for any encumbrance or liability against any Seller, or any of its predecessors or affiliates, and the Buyer shall not have successor or vicarious liability of any kind or character whether known or unknown as of the closing date of the Sale, whether now existing or hereafter arising, or whether fixed or contingent, with respect to the business, any collective bargaining agreement, works council agreement, or other labor contract, the operation, funding, or administration of the benefit plans or multiemployer plans, the Sale Assets or any liabilities of any Seller arising or attributable to periods prior to the closing date of the Sale.

      12.    **<u>Free and Clear</u>**.  Other than the Buyer's obligations hereunder, the Buyer and its respective affiliates, successors, designees, assigns, members, partners, officers, directors, principals, and shareholders (or equivalent) shall have no obligations with respect to any Claims (as defined hereafter). This Order:  (a) is and shall be effective as a determination that all liens, claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy

Code), rights, liabilities, mortgages, deeds of trust, pledges, charges, security interests, of whatever kind or nature, rights of first refusal, rights of offset or recoupment, royalties, conditional sales or title retention agreements, hypothecations, preferences, debts, easements, suits, licenses, options, rights-of recovery, judgments, orders and decrees of any court or foreign domestic governmental entity, taxes (including foreign, state, and local taxes), covenants, restrictions, indentures, instruments, leases, options, offsets, recoupments, claims for reimbursement or subrogation, contribution, indemnity or exoneration, encumbrances, and other interests of any kind or nature whatsoever against the Debtors or the Sale Assets arising under or out of, in connection with, or in any way related to any of the Debtors' interests in the Sale Assets, or any of the Sale Assets, including, without limitation, any debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments, restrictions, product liability claims, environmental liabilities, employment or labor law claims or liabilities, employee pension or benefit plan claims, multiemployer benefit plan claims, retiree healthcare or life insurance claims or claims for taxes of or against any of the Debtors, claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the closing date of the Sale, any indemnification claims or liabilities relating to any act or omission of the Debtors or any other person prior to the closing date of the Sale, any derivative, vicarious, transferee or successor liability claims, alter ego claims, de facto merger claims, rights or causes of action (whether in law or in equity, under any law, statute, rule or regulation of the United States, any state, territory, or possession thereof or the District of Columbia), whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether known or unknown, contingent or matured, liquidated or unliquidated, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated,

noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, statutory or non-statutory, legal or equitable, and whether imposed or arising by agreement, understanding, law, equity, or otherwise arising under or out of, in connection with, or in any way related to any of the Debtors' interests in the Sale Assets or any of the Sale Assets (collectively, the "Claims"), of any kind or nature whatsoever existing as to the Sale Assets, including all Claims as to all indebtedness and any tax liability, prior to the closing of the Sale, have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected, and (b) is and shall be binding upon and shall authorize all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or report or insure any title or state of title in or to the Sale Assets conveyed to the Buyer.

13. Nothing in this Order shall be construed or deemed to limit or otherwise modify the Committee's challenge rights under the *Sixth Interim Order (I) Authorizing Debtors to Use Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief* or the Buyer's rights, defenses or claims with respect to any asserted challenge.

14. Notwithstanding any other provisions included in this Order, or any agreements approved hereby, any statutory liens (collectively, the "Tax Liens") of Tomball Independent School District, the City of Tomball (and any other Texas taxing entities represented by Perdue, Brandon,

Fielder, Collins & Mott, LLP), Brazos County, Medina County, Erath County, Bexar County, Dallas County, Ector CAD, Fort Bend County, Harris County, Hood CAD, Liberty County, and Victoria County (collectively, the "Taxing Authorities") shall not be primed by nor made subordinate to any liens granted to any party hereby to the extent such Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Taxing Authorities are fully preserved.

15. For the avoidance of doubt, and notwithstanding anything to the contrary in this Order or otherwise, the Buyer assumes full responsibility for the 2020 ad valorem taxes associated with the Sale Assets owed to the Taxing Authorities and shall be responsible for paying the ad valorem taxes in full, in the ordinary course of businesses, when due. If not timely paid, the Taxing Authorities may proceed with non-bankruptcy collections against the Buyer and its designee without leave or approval of the Court. The Debtors' prorated share of ad valorem taxes shall be credited to the Buyer at closing on terms agreed upon by the Debtors and Buyer. Any dispute regarding the proration of the ad valorem taxes between the Debtors and Buyer shall have no effect on Buyer's responsibility to pay the 2020 ad valorem taxes. The Taxing Authorities shall retain their respective liens against the real and personal property of the Sale Assets, as applicable, until the respective ad valorem taxes are paid in full, including any applicable penalties or interest. Nothing in this Order releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner or operator of property after the closing date of the Sale.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17. **Surrender of Possession**. All entities that are presently, or on the closing date of the Sale may be, in possession of some or all of the Sale Assets are hereby directed to surrender possession of the Sale Assets to the Buyer and its designee as of the closing date of the Sale. The Debtors shall use commercially reasonable efforts to assure that all persons that are presently, or on the closing date of the Sale may be, in possession of some or all of the Sale Assets surrender possession of the Sale Assets to either (i) the Debtors before the closing date of the Sale or (ii) the Buyer (or its designee) on or after the closing date of the Sale.

18. **No Modification by Plan; Incorporation into Confirmation Order**. This Order shall not be modified by any chapter 11 plan of any of the Debtors confirmed in these Chapter 11 Cases.

19. **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rules 6004(h), 6006(d) and 7062, the Court expressly finds there is no reason for delay in the implementation of this Order and, accordingly: (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay of this Order or in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

Signed: October 16, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

# **Exhibit 1**

| Fixed Asset ID | Object ID | Country | Basin | Financial Dimension District | EAM Functional L | Engine | Transmission | Fuel Type | VIN / Serial # (FA) |
|---|---|---|---|---|---|---|---|---|---|
| 1239405 | FPF-853 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - TH55 | Diesel | 1UNSF4433EA093888 |
| 1239457 | FPF-868 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - TH55 | Diesel | 1UNSF4431GA133386 |
| 1239515 | FPF-884 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - TH55 | Diesel | 1UNSF4431GA133405 |
| 1239364 | FPF-850 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - TH55 | Diesel | 1UNSF4437FA133343 |
| 1239119 | FPF-280 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - TH55 | Diesel | 1UNSF4436EA133011 |
| 1239476 | FPF-874 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - TH55 | Diesel | 1UNSF4439GA133393 |
| 1239118 | FPF-279 | us01 | South Texas | 30400 - San Antonio, TX - District | San Antonio | CAT - 3512C | CAT - TH55 | Bi-Fuel Not Ready | 1UNSF4435EA133002 |
| P241677 | FPF-078 | us01 | Permian | 30200 - Odessa, TX - District | Odessa | CAT - 3512C | CAT - CX48 | Diesel | 1M91P4424DA211797 |
| | | | | | | | | | |
| BBQ TRAILERS | | | | | | | | | |
| | 1232099 | 1232099 | 1.EAM Asset | Utility | FUF-388 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233168 | 1233168 | 1.EAM Asset | Utility | FUF-029 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233169 | 1233169 | 1.EAM Asset | Utility | FUF-397 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233171 | 1233171 | 1.EAM Asset | Utility | FUF-396 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233189 | 1233189 | 1.EAM Asset | Utility | FUF-245 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233195 | 1233195 | 1.EAM Asset | Utility | FUF-217 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233196 | 1233196 | 1.EAM Asset | Utility | FUT-015 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233198 | 1233198 | 1.EAM Asset | Utility | FUF-065 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233221 | 1233221 | 1.EAM Asset | Utility | FUF-187 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233224 | 1233224 | 1.EAM Asset | Utility | FUF-159 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| | | | | | | | | | |
| | USBBQT-0000001 | USBBQT-0000001 | 1.EAM Asset | Utility | FUT-006 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | USBBQT-0000002 | USBBQT-0000002 | 1.EAM Asset | Utility | FUF-395 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | USBBQT-0000003 | USBBQT-0000003 | 1.EAM Asset | Utility | FUF-398 | BBQ TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| Boost Pumps | | | | | | | | | |
| | 1239400 | 1239400 | 1.EAM Asset | C-Pump/Boost | FPS-038 | TRAILER,BOOST PUMP | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1238157 | 1238157 | 1.EAM Asset | C-Pump/Boost | FPS-026 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1237370 | 1237370 | 1.EAM Asset | C-Pump/Boost | FPS-011 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1237866 | 1237866 | 1.EAM Asset | C-Pump/Boost | FPS-023 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1237898 | 1237898 | 1.EAM Asset | C-Pump/Boost | FPS-027 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1238048 | 1238048 | 1.EAM Asset | C-Pump/Boost | FPS-016 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1238083 | 1238083 | 1.EAM Asset | C-Pump/Boost | FPS-021 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1238084 | 1238084 | 1.EAM Asset | C-Pump/Boost | FPS-005 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1238156 | 1238156 | 1.EAM Asset | C-Pump/Boost | FPS-022 | CENTRIFUGAL BOOST PUMP TRAILER | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1236464 | 1236464 | 1.EAM Asset | Utility | FUF-070 | TRAILER LOW BOY | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1239268 | 1239268 | 1.EAM Asset | Utility | FUF-246 | Generator, Diesel, 50-59 KW | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| | | | | | | | | | |
| WINCH TRACTORS | | | | | | | | | |
| | 1233822 | 1233822 | 1.EAM Asset | Tractor | TRW-034 | TRACTOR WINCH W/HYD ISX | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | 1233830 | 1233830 | 1.EAM Asset | Tractor | TRW-038 | TRACTOR WINCH W/HYD ISX | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| DATA VANS | | | | | | | | | |
| | P241822 | P241822 | 1.EAM Asset | Data Van Trailer | FDF-006 | Trailer Mounted Data Van (DF-4 | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | P241826 | P241826 | 1.EAM Asset | Data Van Trailer | FDF-005 | Trailer Mounted Data Van (DF-4 | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| us01P241824 | P241824 | P241824 | 1.EAM Asset | Trailer Mounted Data Van (DF-42); Trailer Mfg.: Viking Trai | FDF-002 | Data Van Trailer | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| us01USLDVN-0000034 | USLDVN-0000034 | USLDVN-0000034 | 1.EAM Asset | FRAC VAN   STV1200 | FDB-122 | Data Van | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| us011237389 | 1237389 | 1237389 | 1.EAM Asset | FRAC VAN   STV2600 ISC | FDB-081 | Data Van | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| us011233673 | 1233673 | 1233673 | 1.EAM Asset | FRAC VAN   STV1400 | FDB-071 | Data Van | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| FORKLIFTS | | | | | | | | | |
| | 1232101 | 1232101 | 1.EAM Asset | Forklift | SUB-069 | Hyster Folklift 25K Yellow | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | | | | | | | | | |
| | | | | | | | | | |
| PARTS TRAILERS | | | | | | | | | |
| | USGEPT-0000017 | USGEPT-0000017 | 1.EAM Asset | Utility | FUF-320 | Parts Trailer, Box | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | USGEPT-0000018 | USGEPT-0000018 | 1.EAM Asset | Utility | FUF-321 | Parts Trailer, Box | 10 - Fracturing | IDLE M&E LIQUIDATE | |
| | USGEPT-0000019 | USGEPT-0000019 | 1.EAM Asset | Utility | FUF-322 | Parts Trailer, Box | 10 - Fracturing | IDLE M&E LIQUIDATE | |

| Added Tractors | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1233505 | 1233505 | 1.EAM Asset | Tractor | TRH-555 | TRACTOR HYD I ISX | 10 - Fracturing | IDLE M&E LIQUIDATE |
| | 1233745 | 1233745 | 1.EAM Asset | Tractor | TRH-569 | TRACTOR HYD I ISX | 10 - Fracturing | IDLE M&E LIQUIDATE |
| | 1233747 | 1233747 | 1.EAM Asset | Tractor | TRH-531 | TRACTOR HYD I ISX | 10 - Fracturing | IDLE M&E LIQUIDATE |
| | | | | | | | | |

| UNIT # | YEAR | LAST EIGHT OF VIN | MILEAGE | HOURS | STATUS |
|---|---|---|---|---|---|
| TRS-162 | 2011 | CD137572 | 10,307 | 2,299 | REFURBED - MAY NEED BATTERIES |
| TRH-591 | 2007 | 8D740031 | 51,942 | 11,828 | NEEDS TIRES, AC NOT WORKING, RUNS BUT CHECK ENGINE LIGHT ON, NEEDS BATTERIES |
| TRB-423 | 2012 | DD163376 | 15,471 | 1,639 | UNIT HAS BEEN THROUGH REFURB, UNIT IS HOOKED TO BULK TRANSPORT AND HAS COMPRESSOR ON IT, WILL NEED BATTERIES |
| TRH-1899 | 2011 | CD137426 | 23,446 | 5,519 | UNIT HAS BEEN REFURBED, WILL NEED BATTERIES |
| TRH-389 | 2011 | CD137532 | 82,593 | 9,937 | UNIT NOT REFURBED, NEEDS BATTERIES, HAS SUPER SINGLES ON REAR OF UNIT. |
| TRH-1614 | 2005 | 6D884247 | 101,007 | 24,689 | UNIT HAS BEEN THROUGH REFURB, NEEDS BATTERIES |
| TRH-458 | 2012 | DD166100 | 44,026 | 20,879 | UNIT WAS WORKED UP BUT NOT APPROVED, STARTER IS OUT, NEEDS BATTERIES, TIRES ARE BAD. |
| TRH-634 | 2008 | 9D773447 | 154,251 | NO READING | UNIT THROUGH REFURB, NEEDS BATTERIES |
| TRS-181 | 2012 | DD166282 | 28,647 | 10,091 | NO WET KIT - UNIT HAS WORKUP ON IT BUT NOT APPROVED. WILL NEED SOME WORK |
| TRH-1657 | 2012 | DD166446 | 2,924 | 161 | UNIT WAS GONE THROUGH AND INSPECTED. UNIT WILL NEED BATTERIES |
| TRH-1121 | 2012 | DD166116 | 22,176 | 7,574 | UNIT NEEDS BATTERIES AND NO REPAIRS WERE MADE. WILL NEED SOME WORK |
| TRH-1704 | 2011 | CD137547 | 52,737 | 3,002 | UNIT NEEDS BATTERIES AND NO REPAIRS WERE MADE. WILL NEED SOME WORK |
| TRH-306 | 2011 | CD137703 | 75,061 | 8,234 | UNIT NEEDS BATTERIES AND NO REPAIRS WERE MADE. WILL NEED SOME WORK |

## **Assumed Liabilities**

None, except only 2020 ad valorem taxes assessed against the Sale Assets.

## **Assumed Contracts and Leases**

None.